IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRANVILLE B. BARRETT, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-918-SLR |
| | ) |
| DR. JOHN DOE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction**. Plaintiff Granville B. Barrett, Jr. ("plaintiff"), a former inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 1)

2. **Standard of Review**. A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

v. *County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. As alleged by plaintiff: When he was incarcerated at SCI, plaintiff suffered from an eye condition. Plaintiff was scheduled to see his eye doctor at Delaware Eye Care on February 4, 2014, but was not taken there until April 24, 12014. When he was seen by the physician, he was told that damage had ensued due to the delay. Plaintiff received a prescription for eyeglasses but, as of July 2014, had yet to receive them. Plaintiff was taken to see another eye specialist on May 5, 2014. The eye specialist was "upset" with the SCI medical department and told the medical department to get plaintiff to the Delaware Eye Institution. The eye specialist indicated

3

that a physician from Pennsylvania could perform the operation, but defendants refused to follow the recommendation.

7. As of July 7, 2014 plaintiff continued to have vision problems. Plaintiff states that he is going blind and indicates that he requires laser surgery. Plaintiff also refers to "his cancer." He alleges that the medical department is giving him the run around and that defendants do not want to pay for the operation and are waiting for his release on July 26, 2014.[2] He alleges that he was given an appointment for a date when he will no longer be at the SCI. Plaintiff also alleges that there was a five-week delay in receiving eye drops prescribed to him.

8. Named as defendants are Charles Steel ("Steel"), Leroy Mann ("Mann'), five Jane Does, Dr. John Doe, Nurse John Doe, and Nurse Patti ("Patti"). Plaintiff seeks compensatory damages and payment of future medical bills.

9. **Medical Needs**. The complaint alleges that Mann and Patti work for the medical staff at SCI and were the ones who sometimes ordered his eye drops. Plaintiff alleges that Patti told him the surgery would not be performed because the institution did not want to pay for it. The complaint also alleges that Steel drove plaintiff to the eye specialist.

10. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by

---

[2]Plaintiff advised the court in August 2014 that he had been released from prison. (D.I. 6)

4

prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

11. None of the allegations against the identified defendants rise to the level of a constitutional violation. Moreover, it is not clear what claims plaintiff attempts to raise against the Doe defendants. Therefore, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(B)(1). However, since it appears plausible that plaintiff may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished).

12. **Conclusion**. For the above reasons, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: October 17, 2014